FILED by _MG_ D.C.

ELECTRONIC

**May 13, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

## 08-60714 Civ-Cohn/Seltzer

JEROME R. YON,

    Plaintiff,

v.

MERCANTILE ADJUSTMENT
BUREAU, LLC, AND RESURGENT
CAPITAL SERVICES, LP,

    Defendants.

_____/

## COMPLAINT
### JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, placed telephone calls into this District.

## PARTIES

3.     Plaintiff, JEROME R. YON, is a natural person over the age of 18 years who resides in Broward County, Florida.

4.     Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, is believed to be a business entity with its principal place of business at 6390 Main Street, Williamsville, New York 14221.

5.     Defendant, RESURGENT CAPITAL SERVICES, LP, is believed to be a business entity with its principal place of business at Suite 600, 15 South Main Street, Greenville, South Carolina.

6.     Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of debts.

7.     Defendants regularly collect or attempt to collect debts for other parties.  They are a "debt collectors" as defined in the FDCPA.

## **FACTUAL ALLEGATIONS**

8.     Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

9.     Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, sought to collect the alleged debt on behalf of Defendant, RESURGENT CAPITAL SERVICES, LP.

2

10.     Defendant, RESURGENT CAPITAL SERVICES, LP, obtained the debt after it had fallen into default.

11.     Defendant, RESURGENT CAPITAL SERVICES, LP, is responsible for the actions of Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC. See *Fox v. Citicorp*, 15 F.3d 1507, 1516 (9th Cir. 1994).

12.     Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, left the following message on the voice mail of Plaintiff's mother's telephone service on or about the date stated:

> January 21, 2008
> This is not a sales call. Please return a call to Mercantile. Our toll free number is 1-877-230-8414. Our office hours are Monday through Thursday, 8 AM till 9 PM, Friday 8 AM till 5 PM and Saturday 8 AM to 12 noon. For your convenience this message will repeat.
>
> This is not a sales call. Please return a call to Mercantile. Our toll free number is 1-877-230-8414. Our office hours are Monday through Thursday, 8 AM till 9 PM, Friday 8 AM till 5 PM and Saturday 8 AM to 12 noon. Thank you for your time.

13.     Based upon information and belief, Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, left similar or identical messages on other occasions within one year of the filing of this complaint. (Collectively, "the telephone messages").

14.     The messages are "communications" as defined by 15 U.S.C. §1692a(2).

3

15.     Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, failed to disclose the purpose of its messages and that it is a debt collector.

16.     Based upon information and belief, Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, knew it was required to disclose that it is a debt collector and purpose of its communication in telephone messages to Plaintiff.

17.     Plaintiff's mother heard the messages left by Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC.

18.     Plaintiff had not consented to Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC's communications with his mother.

19.     No court authorized Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, to communicate with Plaintiff's mother.

20.     Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, communicated with an unauthorized third-party, Plaintiff's mother, regarding the collection of the alleged debt.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

21.     Plaintiff incorporates Paragraphs 1 through 20.

22.     Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D.

4

Fla. 2006) and <u>Leyse v. Corporate Collection Servs.</u>, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

        a.    Damages;

        b.    Attorney's fees, litigation expenses and costs of suit; and

        c.    Such other or further relief as the Court deems proper.

**COUNT II**
**FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY**

23.    Plaintiff incorporates Paragraphs 1 through 20.

24.    Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose the purpose of its communication in the telephone messages in violation of 15 U.S.C §1692d(6). See <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (D. Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.</u>, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

        a.    Damages;

        b.    Attorney's fees, litigation expenses and costs of suit; and

        c.    Such other or further relief as the Court deems proper.

5

## COUNT III
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

25.    Plaintiff incorporates Paragraphs 1 through 20.

26.    Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC,

asserted the right to collect a debt by leaving repeated telephone messages for

Plaintiff with a third-party without disclosing the purpose of its communications

and that it is a debt collector, when it knew it did not have a legal right to use such

collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendants for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT IV
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER
## COLLECTION PRACTICES ACT

27.    Plaintiff incorporates Paragraphs 1 through 20.

28.    By failing to disclose that it is a debt collector, and the purpose of its

communication, and by communicating with an unauthorized third-party,

Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, willfully engaged in

6

conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of suit; and

c.   Such other or further relief as the Court deems proper.

### COUNT V
### UNAUTHORIZED COMMUNICATION WITH A THIRD-PARTY IN VIOLATION OF THE FDCPA

29.   Plaintiff incorporates Paragraphs 1 through 20.

30.   Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, communicated with an unauthorized third-party, Plaintiff's mother, in connection the collection of the alleged debt in violation of 15 U.S.C. §1692c(b).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of suit; and

c.   Such other or further relief as the Court deems proper.

### COUNT VI
### DECLARATORY RELIEF AND PERMANENT INJUNCTION

31.   Plaintiff incorporates Paragraphs 1 through 20.

7

32.     Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, failure to disclose it is a debt collector in telephone messages to consumers and its communications with an unauthorized third-party are in violation of the FDCPA.

33.     Plaintiff seeks a permanent injunction prohibiting Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, from failing to disclose it is a debt collector in telephone messages to consumers and from communicating with unauthorized third-parties in an effort to collect consumer debts.

WHEREFORE, Plaintiff requests that the Court enter judgment:

     a.     declaring that Defendant's practices violate the FDCPA;

     b.     permanently injoining Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, from engaging in the violative practices;

     c.     Attorney's fees, litigation expenses and costs of suit; and

     d.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this ___/2___ day of May, 2008.

                DONALD A. YARBROUGH, ESQ.
                Attorney for Plaintiff
                Post Office Box 11842
                Ft. Lauderdale, FL 33339

8

Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By:_____
      Donald A. Yarbrough, Esq.
      Florida Bar No. 0158658

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Jerome R. Yon

**DEFENDANTS**

Mercantile Adjustment Bureau, LLC and Resurgent Capital Services, LP

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION
OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842**
**FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000**

ATTORNEYS (IF KNOWN)

0:08CV 60714 JIC/BSS

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | | III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) | | | | | PTF DEF (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) | PTF | DEF |
|---|---|---|---|---|---|---|---|---|---|
| ☐ 1. U.S. Government Plaintiff | ☒ 3. Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 | |
| ☐ 2. U.S. Government Defendant | ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | ☐ 2 | ☐ 2 | | Incorporation and Principal Place of Business in Another State | | 2 | 2 |
| | | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | | Foreign Nation | | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** ___1-2___ days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

### NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability  ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine  **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability  ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle  ☐ 371 Truth in Lending B | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability  ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury  ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS**  **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment  ☐ 530 General* | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations  ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare  ☐ 540 Mandamus & Other* | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights  ☐ 550 Civil Rights *A or B | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | |

| VI. ORIGIN (PLACE AN X IN ONE BOX ONLY) | | | | | |
|---|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2 Removed from State Court | ☐ 3. Remanded from Appellate Court | ☐ 4. Refiled  ☐ 5. Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7. Appeal to District Judge from Magistrate Judgment |

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A ☐ UNDER F.R.C.P.23 | CLASS ACTION No | DEMAND $ N/A | Check YES only if demanded in complaint  JURY DEMAND: | ☒ YES  ☐ NO |
|---|---|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: May ___, 2008   SIGNATURE OF ATTORNEY OF RECORD

$350

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. ___543136___   Amount: _____
Date Paid: _____   M/ifp: _____